### UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF MISSOURI
### EASTERN DIVISION

| | | |
|---|---|---|
| TONYA HAHN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 4:23-CV-750 RLW |
| v. | ) | |
| | ) | |
| UNUM LIFE INSURANCE COMPANY | ) | |
| OF AMERICA, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

### MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff Tonya Hahn's Motion for Limited Discovery. (ECF No. 24). The motion is fully briefed and ready for disposition. For the reasons set forth below, the Court will grant Plaintiff's motion in part and allow limited discovery in this matter.

### Background

On June 8, 2023, Hahn filed suit against Defendant Unum Life Insurance Company of America ("Unum"), asserting violations of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001, *et seq.* As a former employee of SSM Health Care Corporation ("SSM Health"), Hahn is a vested participant in a Group Insurance Policy which includes an employee welfare benefit plan (the "Plan"). The Plan provides for long term disability ("LTD") benefits and is governed by ERISA. Unum is the Plan administrator and payor. (ECF No. 1). Hahn's Complaint alleges the following.

In March 2019, while employed by SSM Health as a psychiatric nurse, Hahn was assaulted by a patient, causing her to sustain acute injuries and exacerbation of preexisting back conditions.

1

Hahn's injuries required surgery in June 2019 and rendered her unable to work.  In February 2022, Unum denied Hahn LTD benefits, on the basis that she could work at a sedentary level of functional capacity.   Hahn thereafter obtained several medical opinions from her treating physician, a neurosurgeon, and an internist, all of whom concluded that Hahn had sub sedentary functionality due to her ongoing symptoms and because she faced significant risk of reinjury. Hahn appealed Unum's decision, which was denied following Unum's in-house review.  *Id.* at 2-4.

In her Complaint, Hahn asserts two alternate theories of recovery.  In Count I, Hahn claims wrongful denial of benefits under 29 U.S.C. § 1132(a)(1)(b).  In Count II, Hahn claims breach of fiduciary duty under 29 U.S.C. § 1132(a)(3).  Hahn contends that Unum failed to adequately consider the medical records she provided, including her identified risk of reinjury.  Hahn also contends that Unum failed to effectively communicate its appeals standards and guidelines, as well as the reasons for denying her appeal.  Hahn further maintains that these failures by Unum indicate a claim-review process that is noncompliant with ERISA's regulations.  Hahn seeks monetary damages and equitable relief.  *Id.* at 5-9.

In her instant motion, Hahn states that the parties disagree on the scope of discovery in this matter.  Hahn asserts that discovery beyond the administrative record is necessary to investigate potential conflicts of interest and procedural irregularities that may have affected Unum's claim-review process.  She further asserts that discovery is necessary in all claims brought under section 1132(a)(3) for breach of fiduciary duty.  Hahn seeks the following discovery: (1) written discovery regarding all internal guidelines, policies, claim handling manuals and/or procedures that govern Unum's review of an internal appeal of benefits denial; (2) written discovery regarding all internal

guidelines, policies, claim handling manuals and/or procedures that govern Unum's retention of a contract medical reviewer; (3) the deposition of a Rule 30(b)(6) witness; (4) the depositions of three Unum employees; (5) the deposition(s) of any retained experts; and (6) written discovery regarding all internal guidelines, policies, claim handling manuals and/or procedures that govern Unum's employee reviews, retention, advancement, and compensation.  (ECF No. 24).

<u>**Discussion**</u>

"In ERISA cases, the general rule is that review is limited to evidence that was before the administrator."  *See Jones v. ReliaStar Life Ins. Co.*, 615 F.3d 941, 945 (8th Cir. 2010) (citation omitted).  This limitation on evidence ensures "expeditious judicial review of ERISA benefit decisions" and prevents "district courts from becoming substitute plan administrators."  *Donatelli v. Home Ins. Co.*, 992 F.2d 763, 765 (8th Cir. 1993).

Hahn seeks to apply narrow exceptions to the general rule of no discovery beyond the administrative record on her wrongful denial of benefits claim, and she argues that discovery is necessary in all section 1132(a)(3) claims for breach of fiduciary duty.  Unum objects to any discovery, but contends that, in the event the Court deems discovery necessary, written discovery would be sufficient.

**A.  Count I:  Wrongful Denial of Benefits**

In a wrongful denial of benefits case brought under ERISA, a court may allow "expanded discovery" if the plaintiff demonstrates good cause.  *Stallings v. Procter & Gamble Disability, Comm.*, No. 1:20-cv-270-MTS, 2021 WL 4902328, at *2 (E.D. Mo. Oct. 21, 2021) (citing *Brown v. Seitz Foods, Inc. Disability Benefit Plan*, 140 F.3d 1198, 1200 (8th Cir. 1998)).  A plaintiff can show good cause by "establishing that the administrative record is insufficient to establish a

'palpable conflict of interest,' or a 'serious procedural irregularity.'" *Woodrome v. Ascension Health*, No. 4:19-CV-02638 JCH, 2020 WL 1479149, at *2 (E.D. Mo. Mar. 26, 2020) (quoting *Farley v. Ark. Blue Cross & Blue Shield*, 147 F.3d 774, 776 n.4 (8th Cir. 1998)).  Conflicts of interest exists whenever the same entity both determines benefits eligibility under an ERISA plan and pays the benefits out of its own pocket.  *Metro Life Ins. Co. v. Glenn*, 554 U.S. 105, 114 (2008). A procedural irregularity is said to exist "where the plan administrator, in the exercise of its power, acted dishonestly, from improper motive, or failed to use sound judgment in reaching its decision." *Menz v. Procter & Gamble Health Care Plan*, 520 F.3d 865, 869 (8th Cir. 2008) (internal quotation and citation omitted).

Hahn first argues that Unum, as the decider and payor of the LTD benefits under the Plan, "bears an inherent conflict of interest."  (ECF No. 24 at 5).  Unum argues that the this does not automatically establish a conflict of interest sufficiently palpable to warrant discovery because there is nothing "unusual" or "remarkable" about an insurer funding the benefits in an ERISA benefits due case.  (ECF No. 26 at 3-4).

The Court notes that "in the face of an undisputed structural conflict of interest, courts vary on whether discovery should be allowed."  *Radle v. Unum Life Ins. Co. of Am.*, No. 4:21-CV-01039-NAB, 2022 WL 3355730, at *4 (E.D. Mo. Aug. 15, 2022) (collecting cases).  Nevertheless, the Court finds that Unum's dual role as administrator and payor is not the only factor at play here. Hahn has alleged a lack of transparency on Unum's part regarding its appeals process, its review of her claim, and its compliance with ERISA's regulations.  The Court finds that Hahn should be allowed to conduct limited discovery to ascertain Unum's policies, procedures, and practices as they relate to the processing of claims for benefits, and to determine whether Unum complied with

4

those in reviewing Hahn's appeal.  *Stallings*, 2021 WL 4902328, at *2 ("Plaintiff should be allowed to conduct limited discovery to determine whether such policies, procedures, and practices do actually exist and, if so, to what extent, if any, they interfered with the fair review of Plaintiff's claim for benefits."); *see also Sampson v. Prudential Ins. Co. of Am.*, No. 4:08CV1290 CDP, 2009 WL 882407, at *2 (E.D. Mo. Mar. 26, 2009) ("[A] conflict or procedural irregularity cannot be considered in a vacuum.  Discovery is required to explore the nature and extent of the purported conflict or irregularity at issue.").  The Court therefore concludes that discovery is warranted on the issue of whether a palpable conflict of interest affected Unum's decision to deny Hahn's appeal. *See Stallings*, 2021 WL 4902328, at *2 ("Plaintiff may conduct limited discovery to determine the potential extent of the conflict…").

Hahn next argues that a procedural irregularity exists in that Unum failed to adequately consider all evidence presented on the appeal of her benefits claim.  The crux of Hahn's argument is that Unum failed to consider the medical evidence she submitted demonstrating her significant risk of reinjury and sub-sedentary functionality.  (ECF No. 24 at 6-7).  Unum responds that the administrative record is determinative on this issue.  Unum cites its appeal denial from the administrative record, in which it stated that during a telephone call with the Benefits Center Hahn confirmed she was able to return to work after her June 2019 surgery, that she worked the front desk at the hospital for three days per week prior to undergoing bladder surgery, and that this was inconsistent with Hahn's assertions in her appeal letter.  *Id.* at 4-5.

Here, the administrative record contains the information on which Unum relied in making its coverage decision.  *See Farley*, 147 F.3d at 776 n.4 ("A … serious procedural irregularity will ordinarily be apparent on the face of the administrative record or will be stipulated to by the parties.

Thus, this district court will only rarely need to permit discovery and supplementation of the record to establish these facts."). Therefore, the Court need only consult the administrative record to determine whether Unum did, or did not, consider the medical evidence offered by Hahn. *See J.W. by & through Williams v. Cigna Health & Life Ins. Co.*, No 4:21-cv-00324-SRC, 2022 WL 1185196, at \*4 (E.D. Mo. Apr. 21, 2022) (administrative record readily established existence of circumstances plaintiff called procedural irregularities); *Tucker v. Express Scripts Health & Welfare Benefits Plan*, No. 4:20-CV-00987-NCC, 2021 WL 1857109, at \*6 (E.D. Mo. May 10, 2021) ("The differing medical opinions regarding the extent and nature of [the plaintiff's] disability lies at the heart of a merits-based ERISA determination and does not establish a … procedural irregularity."). The Court therefore concludes Hahn has failed to show that the administrative record is insufficient to establish a serious procedural irregularity, and discovery beyond the administrative record is not warranted on this ground.

### B. Count II: Breach of Fiduciary Duty

"Although a review of the denial of benefits is generally limited to evidence that was before the administrator, district courts have held 'this limitation on discovery does not apply to claims involving ERISA plans when the claims are for equitable relief under section 1132(a)(3) or for equitable estoppel.'" *Radle*, 2022 WL 3355730, at \*3 (quoting *Kostecki v. Prudential Ins. Co. of Am.*, No. 4:14-CV-695 JCH, 2014 WL 5094004, at \*1 (E.D. Mo. Oct. 10, 2014) (collecting cases)). "This is so because these types of actions do not benefit from the administrative process." *Kostecki*, 2014 WL 5094004, at \*1 (internal quotation and citation omitted). "Thus, discovery on ERISA-related equitable claims is to be governed under traditional federal, circuit, and local procedure." *Id.* (internal quotation and citation omitted).

6

Unum argues that Hahn's "breach of fiduciary duty claim is nothing more than a benefits due claim 'artfully disguised' as a breach of fiduciary duty claim to evade the limits courts place on benefits due claims."  (ECF No. 26 at 5-6).  For support, Unum cites caselaw addressing the merits of breach of fiduciary duty claims under the frameworks of Rules 12(b)(6) and 56(c), Fed. R. Civ. P.  *Id.*  Hahn replies that at this stage in the litigation she is merely alleging two alternate theories of recovery, both of which are properly before the Court.  (ECF No. 28).

While a plaintiff is prohibited from obtaining "duplicate *recoveries*" under sections 1132(a)(1)(b) and (a)(3), a plaintiff may nevertheless plead them as alternate claims for relief. *Silva v. Met. Life. Ins. Co.*, 762 F.3d 711, 726 (8th Cir. 2014) (emphasis original).  In connection with her section 1132(a)(3) claim, Hahn seeks equitable relief to enforce Unum's compliance with ERISA.  In addition, Unum has not sought dismissal of this claim.  At this stage in the proceedings, and "based on the precedent of the Court," the Court finds that this claim would benefit from consideration of facts likely outside of the administrative record and discovery is warranted. *Radle*, 2022 WL 3355730, at *4 (collecting cases).

In view of the foregoing, the Court will grant Hahn's motion for limited discovery to the extent it seeks discovery related to the determination of whether a palpable conflict of interest affected Unum's decision to deny Hahn's appeal, and as it relates to Hahn's breach of fiduciary duty claim.  Plaintiff is not granted leave to seek discovery of information that is already apparent from the administrative record or that is beyond the scope of these limited issues.  Without having reviewed the entirety of the administrative record, the Court is not in a position to determine whether the discovery Hahn seeks is sufficiently limited in scope, although upon cursory review it appears overly broad.  The Court agrees with Unum that written discovery should be sufficient.

The parties should diligently meet and confer and attempt to agree on the appropriate scope of discovery.

Finally, to the extent the administrative record does not contain "all documents, records, and other information relevant to the claimant's claim for benefits" including documents, records, or other information "submitted, considered, or generated in the course of making the benefit determination," Unum shall supplement the administrative record pursuant to 29 C.F.R. § 2560.503-1(h)(2) and 29 C.F.R. § 2560.503-1(m)(8). *See Woodrome*, 2020 WL 1479149, at \*2 ("[A] plaintiff is entitled to the administrative record and should not have to engage in discovery to obtain a complete record as defined by the Regulations.").

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Limited Discovery (ECF No. 24) is **GRANTED in part** and **DENIED in part**.  Plaintiff may conduct written discovery regarding the extent of Defendant's conflict of interest and with respect to Plaintiff's breach of fiduciary duty claim, subject to the relevance and proportionality requirements of Rule 26, Fed. R. Civ. P. Plaintiff's request to conduct discovery regarding other issues is denied.  Plaintiff's request to conduct depositions is denied without prejudice to Plaintiff filing a renewed motion, after conducting written discovery, on the basis that good cause for such depositions exists.


_Ronnie L. White_
**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**


Dated this _4th_ day of April, 2024.

8